■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered January 5, 1984, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and attempted arson in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of a fair trial by the introduction of the complainant Paul Williams's testimony that, sometime prior to the commission of the crimes charged, he rejected the defendant's proposal to permit the defendant access to a locked basement in a shopping mall where Williams was employed in return for a share of the profits, so that the defendant could sell drugs from the basement. The trial court admonished the jury not to consider this testimony as bearing on the guilt or innocence of the defendant. Contrary to the trial court's ruling, we conclude that William's testimony was admissible to show an acrimonious relationship between the defendant and Paul Williams and to supply a motive for the otherwise inexplicable acts of the defendant and his codefendant in setting fire to the door of the apartment where Paul Williams resided, with knowledge that Williams was inside with his family, including his wheelchair-bound mother (see, People v Moore, 42 NY2d 421, cert denied 434 US 987; People v Molineux, 168 NY 264). Consequently, no prejudice accrued to the defendant.

We also reject the defendant's contention that he was deprived of a fair trial by the introduction of evidence that

members of the defendant's family had threatened witnesses to the crime. Testimony was proffered that the defendant had harassed Paul Williams to drop the charges against the codefendant, prior to the defendant's apprehension by the police. Such evidence has some tendency to prove a consciousness of guilt and, thus, was properly received in evidence *(see, People v Shilitano,* 218 NY 161, 179, *rearg denied* 218 NY 702). Since there was evidence that the defendant harassed the complainant as a witness, evidence of similar acts committed by the defendant's relatives were also admissible, as the jury could have found such acts to have been circumstantially tied to the defendant *(see, People v Plummer,* 36 NY2d 161; *People v Shilitano, supra).*

We have reviewed the defendant's other contentions and find them to be without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.