■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY KNOWELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 23, 1984, convicting him of murder in the second degree, manslaughter in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the first count of the indictment, charging the defendant with murder in the second degree, is dismissed without prejudice to the People presenting any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726), and a new trial is ordered on the second and third counts of the indictment.

This appeal is from the retrial of a case after a prior judgment of conviction was reversed by this court for insufficiency of the identification charge (see, People v Knowell, 94 AD2d 255). We are constrained to again reverse the defendant's conviction, on the same and additional grounds.

The facts are contained in our prior decision and will not be repeated here since the evidence was virtually identical at the retrial. The identification of the perpetrator was the crucial issue in the case, the proof of guilt was not overwhelming and the defendant presented several alibi witnesses who testified he was elsewhere at about the time the crime was committed. In such a case, it is reversible error for the court to refuse a defense request for an expanded identification charge (see, People v Gardner, 59 AD2d 913). The court's refusal herein to give the defendant's requested charge that the jury should consider the accuracy of a witness's prior description of the assailant in evaluating credibility constituted error in and of itself (see, People v Rothaar, 75 AD2d 652).

In addition, the court erred in refusing to order the production of the psychiatric records of the witness Hooks for an in camera inspection upon the defendant's showing that the witness (who was crucial to the prosecution's case) had a lengthy history of psychiatric problems, had been confined in mental hospitals on several occasions in the recent past and had been diagnosed as paranoiac. This offer of proof constituted a sufficient showing of a reasonable likelihood that the records might contain material bearing on the reliability and accuracy of the witness's testimony to order their production (see, People v Gissendanner, 48 NY2d 543, 550). We find further error in the court's conclusion that the defendant's

offer of proof of the relevance of Hook's mental condition as impeachment material was no different here than from the first trial. At the first trial the defendant only knew that the witness was being treated by a psychiatrist *(People v Knowell, supra,* at 261). As the retrial began, the prosecutor informed the defendant's attorney of the additional facts pertaining to the witness's long history of psychiatric problems stated above, which clearly established the relevance of the issue. Consequently, the court's refusal to allow any cross-examination of the witness with regard to his mental condition, which might have had a bearing on his capacity to perceive and recall, was error *(see, People v Rensing,* 14 NY2d 210; *see also, People v Lindstrom,* 698 F2d 1154).

Finally, the court should not have admitted the arrest photograph of the defendant for the specific purpose of showing his height to be 6 feet 1 inch tall without a proper foundation establishing that the measuring device depicted next to the defendant in the photograph and purporting to show his height was accurate *(see, People v Wallert,* 98 AD2d 47, 49; *Mooney v Turner,* 35 AD2d 674; 29 Am Jur 2d, Evidence, § 793). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.