■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURNIES SIMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered June 5, 1985, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was deprived of a fair trial as a result of cumulative errors committed by the prosecutor and the trial court. Since the court sustained the defense counsel's objection to the prosecutor's summation and there was no further request for curative instructions or a general objection to the summation at its conclusion, "it may be deemed that the court cured the error to [the] defendant's satisfaction" *(People v Irby,* 112 AD2d 447). Moreover, the prosecutor's allegedly inflammatory comments regarding the weight of the evidence were clearly responsive to defense counsel's statements that "13 [of the People's witnesses] testified to absolutely nothing". Inasmuch as the defense effectively "opened the door" to such comments they were not unreasonable and did not deprive the defendant of a fair trial *(see, People v Street,* 124 AD2d 841, *lv denied* 69 NY2d 834; *People v Saylor,* 115 AD2d 671, *lv denied* 67 NY2d 889).

The defendant's contention that the trial court erred in not charging the jury that the crime of assault in the first degree as a lesser included offense of attempted murder in the second degree is without merit. "Since it is theoretically possible to commit attempted murder in the second degree without at the same time committing assault in the first degree or assault in the second degree, the assault offenses are not lesser included offenses with respect to attempted murder in the second degree" *(People v Maldonado,* 123 AD2d 788, 790).

With respect to the claim that the prosecutor improperly elicited police testimony to bolster the complainant's identification of the defendant, the court sustained a prompt objection and ordered the statement stricken from the record. This satisfactorily ameliorated any possible prejudice which otherwise might have resulted to the defendant *(see, People v Martinez,* 118 AD2d 661, 662, *lv denied* 67 NY2d 1054).

We find no merit to the defendant's contention that a detective's testimony stating that he refused to sign a confession after orally admitting to the crime indicated that his Fifth Amendment right against self-incrimination has been violated. The defendant's oral confession had already been admitted in evidence as it was found that he had voluntarily waived his *Miranda* rights. His refusal to sign a written waiver does not, as a matter of law, preclude a finding of a waiver of those rights *(see, Connecticut v Barrett,* 479 US 523; *People v Danaher,* 115 AD2d 905, 906).

We have considered the defendant's remaining contentions

including those raised in his *pro se* supplemental brief, and find them to be without merit. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.