THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ENRICO SCALERICO, Appellant

The charge against the defendant and his codefendant, Michael Gonzalez, resulted from the May 24, 1985, robbery of a bank messenger who was carrying a bag containing a large sum of money and a quantity of checks. After the denial of the defendant's severance motion, he was jointly tried with the codefendant.

At the trial, as part of the People's case, the prosecutor was permitted to introduce into evidence, over the defendant's objection, the codefendant's oral and written confessions made to a law enforcement officer. Since the codefendant did not testify at the trial, under the principles enunciated in *Cruz v New York* (481 US 186, *on remand* 70 NY2d 733) there must be a new trial.

We find no merit to the People's contention that the *Cruz* error was harmless. In his confession, Gonzalez described the robbery in great detail, significantly claiming that the defendant planned the crime. He stated that the defendant had watched the victim, followed him around and knew his routine; that the defendant "picked this guy because he was * * * old * * * and wouldn't offer resistance"; and that the defendant's gun was used in the robbery. Gonzalez also drew a diagram that was introduced into evidence and used by the arresting officer in relating to the jury the details of the robbery, as Gonzalez had described them.

While the arresting officer testified that the defendant admitted trying to pass some checks stolen in the robbery, the defendant denied any involvement in the robbery itself. Neither the victim nor the three eyewitnesses to the robbery were able to identify either the defendant or his codefendant as a participant. The only evidence admissible against the defendant which directly linked him to the crime was the testimony of three civilian witnesses to whom the defendant allegedly made statements indicating that he had been involved in the robbery. However, the validity of those admissions depended upon the jury's acceptance of the testimony of those witnesses, none of whom voluntarily came forward and repeated the statements and each of whom had criminal records.

Consequently, we cannot conclude that there is *no* reasonable possibility that the confessions of Gonzalez, which directly implicated the defendant, contributed to the defendant's conviction *(see, People v Smalls,* 55 NY2d 407, 415; *People v Crimmins,* 36 NY2d 230, 241; *People v Latif,* 135 AD2d 736).

With respect to the People's further contention that Gonzalez's statements were admissible against the defendant because they constituted declarations against penal interest, "it is sufficient to note that the statement[s] [were] not offered at trial for that purpose and [the] defendant has had no opportunity to challenge [their] reliability *(see, People v Brensic,* 70 NY2d 9)" *(People v Cruz,* 70 NY2d 733, 735, *supra).*

In light of our decision directing a new trial, a brief mention of some of the other contentions raised by the defendant is warranted. All pretrial motions were properly denied, including requests seeking (1) suppression of the identification testimony of one of the civilian witnesses, who testified concerning the defendant's purported admissions; (2) dismissal of the indictment on speedy trial grounds; and (3) a hearing on the issue of whether there was probable cause to arrest the defendant. However, while Detective Lissenden properly testified concerning certain oral admissions made by the defendant, it was error to permit the detective's testimony that the defendant was thereafter asked to give a written statement, and while the defendant initially agreed, he later refused that request *(see, People v Von Werne,* 41 NY2d 584, 587-588; *see also, People v Pavao,* 59 NY2d 282, 292). Upon any retrial, this latter testimony should not be elicited by the prosecutor.

The other contentions raised by the defendant have been considered and found to be without merit. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.