■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSIP TADIC, Appellant

Because defense counsel did not alert the trial court that it had not instructed the jury with regard to limiting its deliberations to the operability of the weapon at the time of the incident, as the court had indicated it would at the precharge conference, the court was prevented from rectifying the error and the defendant must be deemed to have waived any objection to the instruction provided (see, People v Whalen, 59 NY2d 273). In any event, the evidence of the defendant's possession of a weapon at the time of the incident and its operability was overwhelming and, therefore, any error in the charge was harmless (see, People v Crimmins, 36 NY2d 230).

Nor was the defendant deprived of a fair trial by the trial court's refusal to grant his request to marshal the evidence with regard to the unusual nature of the weapon and the ammunition required to make it operable. The Judge's in-

structions adequately explained to the jury the applicable principles of law in relation to the factual issues in the case *(see, People v Saunders,* 64 NY2d 665, *on remand* 112 AD2d 1051; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047; *People v Knowell,* 94 AD2d 255, *appeal after remand* 127 AD2d 794). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.