■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO WHALEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 29, 1984, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court erred in permitting the complainant to testify that the defendant attempted to induce him to drop the criminal charges during a conversation several months prior to trial. As we noted in *People v Griffin* (126 AD2d 743, 744), "[s]uch evidence has some tendency to prove a consciousness of guilt and, thus, [may be] properly received in evidence" *(see also, People v Shilitano,* 218 NY 161, *rearg denied* 218 NY 702). Inasmuch as the defendant was provided an opportunity to fully cross-examine the complainant with respect to this evidence, we perceive no error in the admission of the challenged testimony.

Similarly unavailing is the defendant's claim that the court improperly permitted the prosecution to adduce the rebuttal testimony of the complainant's former girlfriend to the effect that she had agreed to meet the complainant at a time and location proximate to the commission of the crime. The record reveals that the complainant testified on direct examination that he was on his way to meet his former girlfriend at the time he was robbed. The defendant thereafter testified that the complainant had entered the building wherein the crime occurred seeking to purchase some drugs and had made inquiries regarding whether any of the building's residents sold drugs. At the conclusion of the defendant's case, the defense counsel sought a missing witness instruction with respect to the girlfriend, persuasively contending that her testimony as to the reason the complainant entered the building would have been material in view of the conflicting evidence on this issue. After the trial court agreed to give the charge, the prosecution offered to introduce the girlfriend's testimony as rebuttal evidence. The trial court did not abuse its discretion in receiving the proffered testimony. Indeed, the girlfriend's account constituted proper rebuttal, as it tended to negate the defendant's claims that the complainant went to the scene of the robbery to purchase drugs and had lied when he said that he went there to meet his girlfriend *(see, e.g., People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *People v Medina,* 130 AD2d 515). Moreover, the defendant's present claim that the testimony was not probative of any material issue and concerned only collateral matters is belied by the fact that he conceded the materiality of the evidence in seeking and obtaining a favorable ruling on his request for a missing witness charge prior to the prosecution's production of the witness.

Additionally, we note that the defendant's claim that he was deprived of the effective assistance of counsel due to an alleged conflict of interest on the part of his attorney is not properly before this court, as it is based on material dehors the record and has already been made the subject of a CPL 440.10 motion by the defendant *(see, People v Garner,* 99 AD2d 596).

Finally, the defendant's contention that he was denied a fair trial due to various allegedly prejudicial remarks by the trial court is without merit, as the challenged remarks were not improper and in any event were made outside of the presence of the jury *(see generally, People v Sanzo,* 122 AD2d

817). Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.