■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered April 25, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and find no support for the defendant's contention that the court abused its discretion in denying his motion to set aside the verdict on the ground of newly discovered evidence (see, CPL 330.30 [3]). At the hearing held on the motion, the defendant presented the testimony of several witnesses, including his private investigator, in support of his claim that another individual had committed the

murder. However, the defendant failed to show by a preponderance of the credible evidence that the purported new evidence could not have been produced at the trial with due diligence. The record reveals that these witnesses were available since the date of the murder but that the defendant's investigator neglected to locate them until the time of trial, some 15 months later (see, People v Davis, 43 NY2d 17; People v Singh, 142 AD2d 743, lv denied 72 NY2d 1050). Furthermore, the defendant failed to show that this proposed testimony was likely to result in a verdict more favorable to him upon retrial. The hearing court concluded that due to the inconsistencies in the witnesses' testimony on critical aspects of the defendant's new claim and the hostile and arrogant demeanor exhibited by the witnesses, their testimony was totally unworthy of belief. We find no basis in the record to disturb that determination. Accordingly, the motion was properly denied (see, People v Barrero, 137 AD2d 759; People v Rivera, 108 AD2d 829).

We have examined the defendant's remaining claims and find them to involve alleged errors which are either unpreserved for appellate review or harmless. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.