■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK KORNEGAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered December 17, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 17, 1986, at approximately 5:00 P.M., the defendant shot and killed Brent Dodson, the manager of a grocery store on Sutphin Boulevard in Jamaica, Queens. Two eyewitnesses saw the defendant from outside the store fire several shots at the victim.

We find, contrary to defendant's contentions, that he was not deprived of a fair trial. The defendant's claims that prosecutorial errors require reversal are without merit. The defense counsel's questioning of a 13-year-old witness on direct examination opened the door to questioning by the prosecutor upon the issue of why the witness did not testify for the People after speaking to the police *(see, People v Chaitin,* 61 NY2d 683). Furthermore, the People were entitled to elicit testimony from their witnesses that close friends of the defendant had intimidated them. The actions of the defendant's friends was circumstantially tied to the defendant *(see, People v Plummer,* 36 NY2d 161; *People v Whaley,* 144 AD2d 510; *People v Griffin,* 126 AD2d 743, 744), and tended to prove defendant's consciousness of guilt *(see, People v Griffin, supra).*

The defendant was not prejudiced by the introduction of hearsay testimony since the court promptly cured the error by striking that testimony from the record and admonishing the jury to disregard it *(see, People v Morello,* 61 NY2d 708; *People v Cody,* 137 AD2d 610, 611; *People v Sims,* 135 AD2d 591, 592). Although the erroneous admission of evidence concerning a

statement the victim made over the telephone was not cured, we find it harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241; *see also, People v Morello, supra).*

With respect to the propriety of certain remarks by the prosecutor on summation, the defendant failed to object to those remarks at trial, and thus has not preserved the issue for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Coker,* 135 AD2d 723; *see also, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *People v Crawford,* 159 AD2d 583; *People v Rawlings,* 144 AD2d 500). In any event, these remarks were a fair response to the defense counsel's attack on the People's witnesses in his summation.

The court properly denied the defendant's posttrial motion to set aside the verdict based upon an affidavit from an eyewitness known to the defendant and the police before trial *(see, People v Thompson,* 148 AD2d 763, 764; *People v Zambrana,* 142 AD2d 744; *People v Rivera,* 118 AD2d 877, 878).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.