■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY FRANK, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence, including the police chemist's opinion that the substance seized was cocaine, was legally sufficient to support defendant's convictions *(see, People v Harris,* 130 AD2d 939, 940, *lv denied* 70 NY2d 647). The trial court properly permitted unindicted coconspirator DiGregorio to testify about defendant's threat against him because it was probative of defendant's consciousness of guilt *(see, People v Reyes,* 162 AD2d 357, *lv denied* 76 NY2d 896; *People v Whaley,* 144 AD2d 510, *lv denied* 73 NY2d 897). Defendant's contention that the court erred in its no inference charge *(see,* CPL 300.10 [2])* was not preserved for review and we decline to reach it in the interest of justice because the charge given did not expressly convey to the jury that defendant should have testified *(see, People v Autry,* 75 NY2d 836, 839; *People v Collins,* 170 AD2d 1006). We have considered the remaining contentions raised by counsel and defendant *pro se* and find them lacking in merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.