■ The People of the State of New York, Respondent, v Brian Sherk, Appellant. [630 NYS2d 436] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: We conclude that defendant's conviction of murder in the second degree (Penal Law § 125.25 [1]; § 20.00) is supported by legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We further conclude that the trial court properly denied the motion of defendant to sever his trial from that of his codefendant. The defenses presented by defendant and his codefendant were not in irreconcilable conflict so as to warrant severance (see, People v Curran, 197 AD2d 860, lv denied 82 NY2d 893; People v Glover, 165 AD2d 761, 762, lv denied 77 NY2d 877).

We reject the contention that the court erred in permitting a prosecution witness to testify that defendant assaulted him approximately two weeks before trial. That evidence of possible witness tampering by defendant was properly admitted as probative of defendant's consciousness of guilt (see, People v Frank, 174 AD2d 1009, lv denied 79 NY2d 857; People v Reyes, 162 AD2d 357, lv denied 76 NY2d 896; see also, People v Shilitano, 218 NY 161, 179, rearg denied 218 NY 702). Moreover, any prejudicial effect of that evidence was ameliorated because defendant had an opportunity to cross-examine the witness fully with regard to the incident (see, People v Whaley, 144 AD2d 510, lv denied 73 NY2d 897).

We also reject the contention of defendant that he was denied

a fair trial by the prosecutor's failure to provide Brady material in a timely manner; defense counsel received the material before trial and was able to use it to cross-examine the People's witnesses and as evidence during his case (*see, People v Cortijo*, 70 NY2d 868, 870; *People v Perez*, 184 AD2d 1033, *lv denied* 80 NY2d 932).

Upon our review of the record, we determine that the sentence imposed on defendant's conviction of murder in the second degree is unduly severe and should be reduced (*see, People v Delgado*, 80 NY2d 780; *People v Suitte*, 90 AD2d 80, 86-87; *People v Notey*, 72 AD2d 279). Therefore, as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [b]), we modify the sentence by reducing it from 20 years to life to 15 years to life (*see*, Penal Law § 70.00 [2] [a]; [3] [a]).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.