■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE PITTS, Appellant. [630 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered March 29, 1993, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the trial court's *Sandoval* ruling was improper. Trial courts have broad discretion to determine how a prosecutor may use a defendant's prior convictions or bad acts for the purpose of impeaching the defendant's credibility *(see, People v Walker,* 83 NY2d 455, 458; *People v Mackey,* 49 NY2d 274, 281; *People v Ardila,* 202 AD2d 514, *affd* 85 NY2d 846). The trial court in this case properly ruled that the prosecutor could cross-examine the defendant regarding the facts underlying two prior thefts in order to demonstrate the defendant's willingness to place his own interests ahead of those of society *(see, People v Sandoval,* 34 NY2d 371, 377; *People v Ardila, supra).* Moreover, because the evidence of the prior thefts was only marginally related to the crimes of which the defendant was convicted, it is improbable that the jury considered it as evidence of the defendant's predisposition to commit the later crimes *(see, People v Bennette,* 56 NY2d 142, 147; *People v McClainin,* 178 AD2d 495, 496). Consequently, the defendant failed to demonstrate that the prejudicial effect of the evidence outweighed its probative worth so as to warrant its exclusion *(see, People v Mackey, supra,* at 282).

The defendant's contention that the trial court improperly allowed the jury to hear evidence of threats that were made to the prosecution's witnesses is likewise without merit. The record indicates that the defendant's friends and family made the threats to prevent successful prosecution of the case against the defendant. Therefore, we find that the People produced sufficient evidence that the threats were circumstantially connected to the defendant to warrant their admission into evidence *(see, People v Plummer,* 36 NY2d 161; *People v Kornegay,* 164 AD2d 868; *People v Griffin,* 126 AD2d 743, 744).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.