■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO COTTO, Appellant. [635 NYS2d 623] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered June 19, 1992, convicting defendant, after a jury trial, of two counts of murder in the second degree, and one count each of attempted murder in the second degree, criminal possession of a weapon in the second degree, robbery in the first degree, and assault in the second degree, and sentencing him to concurrent terms of 17 years to life on the murder convictions, $8^1/3$ to 25 years on the attempted murder, weapon possession and robbery convictions, and $2^1/3$ to 7 years on the assault conviction, unanimously affirmed.

Defendant contends that he was deprived of a fair trial by testimony regarding a threatening visit by one of defendant's associates to a witness's home the day after the prosecutor announced, unbeknownst to the witness, that she was scheduled to testify at trial. The visitor, accompanied by a pit bull, appeared at 8 o'clock that morning at the door of the apartment that the witness shared with her nine year old daughter and her female roommate. He remained there for about fifteen minutes, during which time he informed her that he had received a phone call from "Robert" stating that the witness was scheduled to testify and that her testimony "could send him to jail". She in turn tried to assure the visitor that she would not testify against defendant. Such testimony, however, was properly received in evidence inasmuch as the jury could have found such visit and its implied threat to have been circumstantially connected to defendant and could fairly infer that it might have some tendency to prove consciousness of guilt (*People v Plummer*, 36 NY2d 161, 164; *People v Griffin*, 126 AD2d 743, 744).

The record supports the hearing court's finding that at the *Wade* hearing, the People met their initial burden of demonstrating "the reasonableness of the police conduct and the lack of any undue suggestiveness" (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). That the witness "kn[ew] defendant so well as to be impervious to police suggestion" (*People v Rodriguez*, 79 NY2d 445, 452) was established through the detective's testimony that prior to identifying defendant from a single photograph, the witness told the detective that she was present during the murder, that she knew the identity of the killer, that the parties were well known to each other, that she had seen the killer in the neighborhood on numerous occasions, that he had even visited her apartment prior to the shooting, and that she would be able to identify him from a

photograph although she did not know his proper name (*see, People v Tas*, 51 NY2d 915, 916).

We decline to review defendant's unpreserved challenge to the court's charge. Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.