■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ALMESTICA, Appellant. [733 NYS2d 247] —Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered December 21, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 22, 1999, at approximately 2:00 A.M. on Ashburton Avenue in Yonkers, the defendant approached the car in which the victim was seated, reached into that car, grabbed a gun from another individual, and shot and killed the victim. At trial, the court allowed testimony that the defendant's sisters had repeatedly harassed the People's chief witness by, among other things, calling him a "rat" and a "snitch." The trial court charged the jury that it could, under certain limited circumstances, consider this as some evidence of the defendant's consciousness of his guilt.

Contrary to the defendant's contentions, the harassing statements made by his sisters were properly introduced as some evidence of the defendant's consciousness of his guilt (*see, People v Plummer,* 36 NY2d 161; *People v Shilitano,* 218 NY 161, 179; *People v Pitts,* 218 AD2d 715). Additionally, the trial court gave the jury proper instructions as to how it could utilize those harassing statements (*see, People v Plummer, supra*; *People v Shilitano, supra*; *People v Pitts, supra*).

The trial court properly declined to give a missing witness charge. The trial court properly determined that the defendant failed to establish that the "missing witness"—who had repeatedly harassed the People's chief witness—was under the control of the People and would have provided non-cumulative testimony favorable to the prosecution (*see, People v Keen,* 94 NY2d 533; *People v Gonzalez,* 68 NY2d 424, 427; *People v O'Hara,* 253 AD2d 560; *People v Nasario,* 258 AD2d 599; *People v Bradshaw,* 232 AD2d 499). Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.