■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARKELL MYRICK, Appellant. [818 NYS2d 287]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey J.), rendered April 26, 2004, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from a robbery of the

complainant in or near a Brooklyn subway station. At trial, the People were permitted to elicit testimony from the complainant that, approximately two days before she was scheduled to testify at the trial, she was threatened by someone the defendant knew. The defendant argues that the Supreme Court erred in allowing such testimony, as there was no direct evidence, and insufficient circumstantial evidence, linking the defendant to the threat.

Evidence that a third party threatened a witness with respect to testifying at a criminal trial is admissible where there is at least circumstantial evidence linking the defendant to the threat (*see People v Spruill*, 299 AD2d 374, 375 [2002]; *People v Cotto*, 222 AD2d 345 [1995]; *People v Pitts*, 218 AD2d 715 [1995]; *People v Kornegay*, 164 AD2d 868 [1990]). Such evidence is a factor upon which a jury can infer the defendant's "consciousness of guilt" (*People v Cotto, supra* at 345; *People v Kornegay, supra* at 868). The Supreme Court providently exercised its discretion in determining that there was sufficient circumstantial evidence that the alleged threat was connected to the defendant to allow the jury to consider it (*see People v Spruill, supra*). Furthermore, the Supreme Court explicitly instructed the jury that it was free to believe, or not believe, that the alleged threat had been made and/or that the defendant was linked to the alleged threat. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.