Appeal from a judgment of the Erie County Court (Patrick M. Carney, A.J.), rendered March 1, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts). The trial was conducted in Supreme Court, Erie County (Amy J. Fricano, J.).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree *1251 (Penal Law § 160.10 [1], [2] [b]), defendant contends that Supreme Court erred in denying his Batson challenge to the prosecutor’s use of a peremptory challenge with respect to an African-American prospective juror. We reject that contention inasmuch as defendant failed to establish a prima facie case of discrimination (see People v Jones, 11 NY3d 822 [2008]; People v Brown, 17 AD3d 283, 284 [2005], lv denied 5 NY3d 804 [2005]; cf. People v Rosado, 45 AD3d 508 [2007]).
The further contention of defendant that the testimony of his accomplices was not corroborated by independent evidence is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]; People v Waldriff, 46 AD3d 1448 [2007], lv denied 9 NY3d 1040 [2008]). In any event, that contention is without merit because the People presented evidence that “connected] the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice [s] [were] telling the truth” (People v Daniels, 37 NY2d 624, 630 [1975]; see CPL 60.22 [1]; People v Bass, 255 AD2d 689, 691 [1998], lv denied 93 NY2d 966 [1999]). Defendant’s further contention concerning the legal sufficiency of the evidence before the grand jury “is not reviewable on an appeal from an ensuing judgment based upon legally sufficient trial evidence” (People v Paulick, 206 AD2d 895, 896 [1994]; see CPL 210.30 [6]; People v Horton, 216 AD2d 913 [1995], lv denied 87 NY2d 902 [1995]).
We reject the contention of defendant that he was denied his right to be present at a material stage of the trial, i.e., two bench conferences held outside his presence, and thus that he is entitled to a reconstruction hearing to determine what was discussed at those bench conferences. Although “a defendant has a fundamental right to be present during any material stage of the trial” (People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]), reversal is not required where defendant’s exclusion was from bench conferences at which only questions of law or procedure were discussed (see People v Fabricio, 3 NY3d 402, 406 [2004]; People v Afrika, 13 AD3d 1218, 1222 [2004], lv denied 4 NY3d 827 [2005]; see also People v Robinson, 28 AD3d 1126, 1128 [2006], lv denied 7 NY3d 794 [2006]). Here, the court ensured that defendant was present during conferences concerning evidence and trial testimony, and there is nothing in the record to support the contention of defendant that the two bench conferences that he did not attend involved questions other than those of law or procedure.
Defendant further contends that the court erred in denying his request to charge Penal Law § 20.10, pursuant to which an individual is not liable as an accomplice to a crime “when his *1252 [or her] own conduct, though causing or aiding the commission of such offense, is of a kind that is necessarily incidental thereto.” We reject that contention inasmuch as there is no evidence to support a finding that defendant’s conduct was necessarily incidental to the robbery (cf. People v Gray, 284 AD2d 1012 [2001], lv denied 97 NY2d 682 [2001]; see generally People v Manini, 79 NY2d 561, 569-571 [1992]). We further conclude that the court properly allowed the courtroom deputies to testify concerning defendant’s allegedly threatening hand gestures toward witnesses during the trial. Evidence of threats made by defendant to witnesses may be “probative of defendant’s consciousness of guilt” and thus may be admissible on that ground (People v Sherk, 217 AD2d 958, 958 [1995]; see People v Luper, 201 AD2d 867 [1994], lv denied 83 NY2d 912 [1994]). In any event, any prejudice resulting from that testimony “was ameliorated because defendant had an opportunity to cross-examine the witnesses] fully with regard to the incidents]” (Sherk, 217 AD2d at 958), and the court instructed the jury on the “slight value” of that testimony with respect to defendant’s consciousness of guilt (People v Spruill, 299 AD2d 374, 375 [2002]).
Finally, we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and that the sentence is not unduly harsh or severe. Present — Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.