■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING CHRISTIANI, Also Known as STIR-GOD, Appellant. [946 NYS2d 235]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered July 22, 2009, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the parties' stipulation was legally insufficient to establish the element of serious physical injury required for a conviction of assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit. With respect to the defendant's remaining arguments regarding the legal sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant committed the crimes of assault in first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court correctly denied the defendant's request to charge assault in the second degree (*see* Penal Law § 120.05 [2]) as a lesser-included offense of the charge of assault in the first degree (*see* Penal Law § 120.10 [1]). The evidence at trial established that the defendant shot at the victim seven times, striking him four times. Viewed in the light most favorable to the defendant (*see People v Daniel*, 37 AD3d 731 [2007]; *People v Hartman*, 4 AD3d 22, 25 [2004]), there is no reasonable view of the evidence that would support a finding that he intended to cause the victim physical injury, but did not intend to cause him serious physical injury (*see People v Serrano*, 74 AD3d 1104 [2010]; *People v Brooks*, 278 AD2d 501 [2000]). Furthermore, the County Court properly denied the defendant's request to charge reckless assault in the second degree (*see* Penal Law § 120.05 [4]) as a lesser-included offense, since, under the circumstances, there is no reasonable view of the evidence that the defendant acted recklessly, as opposed to intentionally (*see People v Valentin*, 185 AD2d 865 [1992]; *see also People v Seabrooks*, 27 AD3d 494 [2006]; *cf. People v Moore*, 66 AD3d 707, 709 [2009], *affd* 15 NY3d 811 [2010]).

The County Court properly instructed the jury that it was permitted, but not required, to consider, as evidence of the defendant's consciousness of guilt, the testimony of a witness, who was circumstantially connected to the defendant, that the

defendant's mother and stepfather visited the witness's home after visiting the defendant in jail, that the defendant told them to "stop by" and visit the witness, and that they were "hoping that [the witness] wasn't testifying" (*see People v Spruill*, 299 AD2d 374 [2002]; *People v Cotto*, 222 AD2d 345 [1995]).

During jury selection, the County Court properly denied the defendant's challenge pursuant to *Batson v Kentucky* (476 US 79 [1986]) without requiring the prosecutor to proffer a race-neutral reason for exercising a peremptory challenge to strike an African-American juror (*see People v Scott*, 70 AD3d 977 [2010]). Although "[t]here are no fixed rules for determining what evidence will . . . establish a prima facie case of discrimination" (*People v Bolling*, 79 NY2d 317, 323-324 [1992]), one of the recognized methods by which a defendant may establish a prima facie case of discrimination is to "compare the challenged jurors to similarly-situated unchallenged prospective jurors" (*People v MacShane*, 11 NY3d 841, 842 [2008]; *see People v Bolling*, 79 NY2d at 324). However, here, defense counsel's blanket assertion that the juror was similarly situated to "every white juror on the panel thus far," referring only to the fact that the juror possessed an associate's degree and was planning on opening her own business, was too broad and too generalized to permit an inference that the primary distinguishing factor that led the prosecution to challenge that juror was her race (*see People v Scott*, 70 AD3d 977 [2010]).

The defendant preserved for appellate review his contention that the prosecutor committed misconduct by referring to him as a "coward" for shooting the victim in the back. While we agree with the defendant that this comment was improper (*see People v Ashwal*, 39 NY2d 105, 109 [1976]), the error was harmless, as the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no significant probability that the error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The defendant's remaining challenges to the propriety of the prosecutor's remarks during summation are unpreserved for appellate review (*see* CPL 470.05 [2]), and are, in any event, without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]).

The defendant's remaining contentions are without merit. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.