■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERELL VIERA, Appellant. [18 NYS3d 706]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 5, 2011, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and bribery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's application to permit defense counsel to review the psychiatric records of one of the People's witnesses.

Ordered that the judgment is affirmed.

The defendant was convicted of, inter alia, manslaughter in the first degree for the shooting death of Elsmaker Iverson on November 2, 2008. Prior to trial, the defendant sought leave to review the psychiatric records of the sole identification witness and to use those records at trial to cross-examine that witness regarding his purported mental health issues. The Supreme Court, after reviewing the records in camera, declined to allow defense counsel to review those documents and subsequently struck a series of questions on cross-examination by defense counsel regarding the witness's purported mental health diagnosis, on the basis that defense counsel lacked a good faith basis for the questions.

The defendant's contention that the Supreme Court deprived him of a fair trial by denying his request to access and review the psychiatric records and precluding him from using those records to cross-examine the witness is without merit. While the right of an accused to confront the witnesses against him through cross-examination is a constitutional right (*see* US Const 6th, 14th Amends; NY Const, art I, § 6; *Davis v Alaska*, 415 US 308 [1974]; *Douglas v Alabama*, 380 US 415 [1965]; *Pointer v Texas*, 380 US 400 [1965]; *People v Parker*, 57 NY2d 136, 139 [1982]) and "the principal means by which the believability of a witness and the truth of his testimony are tested" (*Davis v Alaska*, 415 US at 316), that right must be balanced against the witness's need for confidentiality (*see People v Baranek*, 287 AD2d 74, 78 [2001]; *People v Arnold*, 177 AD2d 633 [1991]).

Psychiatric records are confidential, but they may be disclosed upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality (*see People v Brooks*, 199 AD2d 275 [1993]; *People v Arnold*, 177 AD2d at 634). The proper procedure in such a case is for the court to order production of the records and to inspect them in camera (*see People v Gissendanner*, 48 NY2d 543, 550 [1979]; *People v Knowell*, 127 AD2d 794 [1987]).

Here, the Supreme Court, after inspecting the records in camera, properly balanced the interests of justice against the witness's need for confidentiality and providently exercised its discretion in denying the defendant's application for disclosure of the records and use of the records in cross-examination (*see People v Bird*, 284 AD2d 339 [2001]; *People v Arnold*, 177 AD2d at 634-635; *see also People v Mileto*, 290 AD2d 877 [2002]; *People v Toledo*, 270 AD2d 805 [2000]).

Also prior to trial, the People sought leave to introduce certain evidence on their direct case regarding the defendant's alleged involvement in a plot to shoot a prosecution witness who had identified the defendant as the perpetrator of the shooting of Iverson. The plot against the prosecution witness was carried out by two men; one of the men was the defendant's brother, and the other was a member of a gang of which the defendant was a member. The defendant objected that this was impermissible evidence of an uncharged crime. The Supreme Court permitted the prosecutor to elicit the evidence as probative of the defendant's consciousness of guilt. The defendant contends that he was deprived of his due process right to a fair trial when the Supreme Court permitted the People to elicit evidence of the uncharged shooting of the prosecution

witness and the defendant's alleged gang membership, in combination with certain testimony from a police witness regarding the defendant's postarrest silence.

Contrary to the defendant's contentions, the Supreme Court did not improvidently exercise its discretion when it permitted the prosecution witness to testify to the circumstances leading up to and culminating in him being shot by two persons directly connected to the defendant. "Certain post crime conduct is [viewed as] 'indicative of consciousness of guilt, and hence of guilt itself' " (*People v Bennett*, 79 NY2d 464, 469 [1992], quoting *People v Reddy*, 261 NY 479, 486 [1933]). Consciousness of guilt evidence includes evidence of coercion and harassment of witnesses (*see People v Bennett*, 79 NY2d at 470; *People v Christiani*, 96 AD3d 870, 871-872 [2012]; *People v Myrick*, 31 AD3d 668, 669 [2006]) and "[e]vidence that a third party threatened a witness with respect to testifying at a criminal trial is admissible where there is at least circumstantial evidence linking the defendant to the threat" (*People v Myrick*, 31 AD3d at 669; *see People v Spruill*, 299 AD2d 374, 375 [2002]; *People v Kornegay*, 164 AD2d 868, 868 [1990]).

Here, there was sufficient circumstantial evidence linking the defendant to the plot to shoot the witness (*see People v Anderson*, 76 AD3d 980, 981 [2010]; *People v Arguinzoni*, 48 AD3d 1239, 1240 [2008]; *People v Myrick*, 31 AD3d at 669; *People v Spruill*, 299 AD2d at 374) and the evidence of the defendant's gang membership was relevant to establish the relationship between the actors (*see People v Guevara*, 96 AD3d 781 [2012]; *People v Devers*, 82 AD3d 1261 [2011]; *People v Jordan*, 74 AD3d 986 [2010]; *People v Flores*, 46 AD3d 570 [2007]; *People v Ramirez*, 23 AD3d 500 [2005]). Under the circumstances, the probative value of the evidence as to the defendant's consciousness of guilt outweighed the prejudice (*see People v Case*, 113 AD3d 872, 873 [2014]; *People v Anderson*, 76 AD3d at 981).

Although the Supreme Court erred by permitting the People, during their direct case, to introduce police testimony that the defendant, after being advised of his *Miranda* (*Miranda v Arizona*, 384 US 436 [1966]) rights, initially agreed to speak with the police but, thereafter, invoked his right to remain silent (*see People v Von Werne*, 41 NY2d 584, 588 [1977]; *People v Scalerico*, 140 AD2d 386 [1988]; *cf. People v Hendricks*, 222 AD2d 74 [1996]), this error was harmless, in light of the overwhelming evidence of the defendant's guilt and the fact that there was no reasonable possibility that the error contributed to the defendant's conviction (*see People v Crim-*

*mins*, 36 NY2d 230, 237 [1975]). Moreover, this error did not deprive the defendant of a fair trial.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.