People v Gaillard (2023 NY Slip Op 01870)

People v Gaillard

2023 NY Slip Op 01870

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Ind. No. 2376/18 Appeal No. 7 Case No. 2020-04138 

[*1]The People of the State of New York, Respondent,
v
Raymond Gaillard, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered September 22, 2020, as amended November 12, 2020, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence of defendant's guilt was overwhelming, even without reference to the evidence claimed by defendant on appeal to have been improperly admitted. The victim, who unequivocally identified defendant at trial, had multiple opportunities, before, during, and after the crime, to observe defendant in good lighting, at close range, with a clear view of his face, and under circumstances in which he was likely to be paying close attention to defendant. Furthermore, the victim's identification was extensively corroborated by various evidence. This included, among other things, surveillance video and still images, defendant's damaging postarrest statements, evidence indicating that the codefendant (with whom the victim was independently familiar) and defendant were friends, and numerous phone calls between defendant and the codefendant around the time of the crime, including immediately after the codefendant took a screenshot of an alert related to the robbery.
The court providently exercised its discretion in admitting evidence of an interaction between the victim and defendant's girlfriend that, under all the circumstances, permitted a reasonable inference of defendant's consciousness of guilt, and defendant's arguments to the contrary go to the weight to be accorded this evidence rather than its admissibility. The jury could reasonably have concluded that the victim was at least implicitly threatened on that occasion (see People v Cotto, 222 AD2d 345 [1st Dept 1995], lv denied 88 NY2d 846 [1996]). There was also sufficient circumstantial evidence to link defendant to the visit (see People v Jones, 21 NY3d 449, 456 [2013]; People v Myrick, 31 AD3d 668 [2d Dept 2006], lv denied 7 NY3d 927 [2006]). Furthermore, the court gave an appropriate jury instruction (see Jones, 21 NY3d at 456; Myrick, 31 AD3d at 669), to which defendant did not object.
The court also providently exercised its discretion in admitting cell site location maps and related testimony. Although expert testimony is required to establish how cell phone towers operate (People v Ortiz, 168 AD3d 482, 483 [1st Dept 2019], lv denied 33 NY3d 979 [2019]), here the cell site maps merely "aided the jury in understanding the relevance of the cell phone records in evidence" and "the testimony of the authenticating witness[] . . . clarified that the symbols on the maps referred to the locations of cell towers, rather than the locations of particular persons or phones[*2]" (People v Esquilin, 174 AD3d 458, 460 [1st Dept 2019], lv denied 34 NY3d 950 [2019]).
The court also correctly declined to preclude the cell site map evidence on the ground of allegedly late disclosure in violation of CPL 245.10(1)(a) and 245.20(1)(h). We find it unnecessary to decide whether these provisions apply where, as here, pretrial discovery occurred before their effective date but the trial occurred after that date. Even assuming these provisions applied, they were not violated, because the underlying cell phone data was timely disclosed, and the People represented that the maps themselves did not exist until they were created right before disclosure. In any event, even if the disclosure was untimely, no sanction was necessary because defendant failed to demonstrate prejudice, having been in possession of the underlying cell phone data for months (see CPL 245.80[1][a]).
In any event, any error in the admission of defendant's girlfriend's contact with the victim, or cell site map evidence, or both, was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023