■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TIRADO, Appellant. [620 NYS2d 368] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered May 11, 1993, convicting defendant, after a jury trial, of burglary in the third degree and sentencing him to a term of 3½ to 7 years, unanimously affirmed.

Defendant, an Hispanic, was convicted for his role in the theft of men's suits from a trailer. There is no merit to defendant's contention that he was deprived of a fair trial when the prosecutor peremptorily challenged four prospective jurors alleged to be Hispanic. Defendant only specifically objected to one challenged juror and failed to establish, on the record, the race or ethnicity of the remaining challenged jurors. Thus, the People had no burden to come forth with race-neutral reasons for their exercise of their peremptory challenges *(see, People v Hernandez,* 75 NY2d 350, 355, *affd* 500 US 352).

While we do not approve of the court's volunteering of a race-neutral reason for the specifically challenged juror, who was employed in the garment trade, as it is the prosecutor's burden and not the court's to provide a neutral reason, no purpose would be served by a remand in this case *(cf., People v Chapman,* 185 AD2d 102, *lv denied* 81 NY2d 786) to allow the prosecutor to provide a race-neutral reason. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.