■ The People of the State of New York, Respondent, v Hector Millan, Appellant. [628 NYS2d 90] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered October 29, 1991, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, and order, same court and Justice, entered May 5, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate such judgment, unanimously affirmed.

Defendant failed to present to the trial court a prima facie case of discrimination by the prosecutor in jury selection "by showing that the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" (*People v Childress*, 81 NY2d 263, 266). Defense counsel's personal opinion regarding the ethnicity of the two challenged individuals is unsupported by any record sufficient to establish that either individual belonged to a cognizable group (*see, People v Tirado*, 210 AD2d 175). Further, as the two venirepersons in question were among the first to be considered, the mere fact that the prosecutor exercised two of five peremptory challenges against them, in and of itself, is insufficient to raise an inference of discriminatory purpose,

and counsel failed to present any other facts or circumstances to support a prima facie case suggesting purposeful exclusion (*see, People v Bolling*, 79 NY2d 317, 325). As counsels' questioning of the jury panel was not recorded, and as defense counsel's argument to the trial court was based solely on the number of strikes in the first round of the voir dire, defendant has failed to supply a record sufficient to review his current claim of discrimination, which is founded in speculation regarding the ethnic makeup of the venire (*see, People v Childress, supra*, at 268).

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crime charged was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932). Upon an independent review of the facts, we find that the jury accorded appropriate weight to the credible evidence (*People v Bleakley*, 69 NY2d 490). The People presented testimony that defendant was observed earlier in the day in possession of a handgun capable of inflicting the fatal wound, that just prior to the shooting defendant had been involved in a dispute between the victim and an associate of defendant, that defendant was observed by several witnesses walking purposefully toward the victim shortly before the fatal shot was fired, that the man identified by several witnesses as defendant was observed, by an additional witness, walking up directly behind the victim, producing a handgun and firing it at the victim, and that the fatal wound was inflicted by an individual of defendant's conspicuously slight stature. Despite minor inconsistencies in the witnesses' testimony regarding the color of a sweatshirt worn by the shooter under an army jacket, as well as the direction in which the shooter fled, the inference of defendant's guilt was the only one that could fairly and reasonably be drawn from the facts, and the evidence excluded beyond a reasonable doubt every reasonable hypothesis of innocence (*People v Sanchez*, 61 NY2d 1022, 1024). In this connection, the trial court's jury charges instructing on reasonable doubt and circumstantial evidence were proper in all respects.

For the most part, the prosecutor's summation comments constituted appropriate response to the defense summation comments (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence presented within the broad bounds of rhetorical comment acceptable in closing argument (*People v Galloway*, 54 NY2d 396). Defense counsel's objections to certain summation comments by the prosecutor

were sustained by the court, which promptly issued curative instructions. It is presumed that the jury understood and followed those instructions (*People v Davis*, 58 NY2d 1102, 1104).

Despite the absence of argument on defendant's claim that the trial court erroneously denied his motion to vacate the judgment on the ground that the People failed to provide the Medical Examiner's audiotape of the autopsy herein, it is clear under recent precedent that such an audiotape is not *Rosario* material, and that the People, therefore, are not required to provide it to the defense (*People v Nova*, 206 AD2d 132; *People v Smith*, 206 AD2d 102, *lv granted* 84 NY2d 1017). Concur—Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.