■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FANNING, Appellant. [736 NYS2d 868] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered March 3, 1997, convicting defendant, upon his plea of guilty, of two counts of attempted burglary in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life, unanimously affirmed.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (see, People v Rosen, 96 NY2d 329, cert denied 534 US —, 122 S Ct 224). Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE PRATT, Appellant. [736 NYS2d 869] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered March 2, 2000, convicting defendant, after a jury trial, of attempted assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's application made pursuant to Batson v Kentucky (476 US 79) was properly denied on the ground that defendant failed to establish a prima facie pattern of discrimination (see, People v Childress, 81 NY2d 263, 266-267; People v Bolling, 79 NY2d 317, 325). Defendant's purely numerical claim addressed to the prosecutor's use of peremptory challenges was insufficient, particularly in view of the absence of any information in the record about the racial composition of the available panel. Moreover, the record is insufficient to establish the ethnicity of the challenged individuals, so that it cannot be determined that any of those individuals belonged to a cognizable group (see, People v Millan, 216 AD2d 93, lv denied 86 NY2d 798). Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.