THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME JOHNSON, Appellant. [830 NYS2d 134]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 7, 2005, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 25 and 15 years, respectively, unanimously affirmed.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant failed to make a prima facie showing of racial discrimination in the People's exercise of their peremptory challenges, because defendant's very limited statistical evidence was not strong

enough, by itself, to raise an inference of discrimination (*see People v Brown*, 97 NY2d 500, 507-508 [2002]; *People v Childress*, 81 NY2d 263, 266-267 [1993]; *cf. Castaneda v Partida*, 430 US 482, 496 n 17 [1977]), and it was unsupported by any other circumstances suggesting discrimination. As the court noted, the *Batson* application, made at an early stage of jury selection when the prosecutor had only exercised a few challenges, lacked sufficient support (*see People v Millan*, 216 AD2d 93 [1995], *lv denied* 86 NY2d 798 [1995]). Jury selection was completed in the second round. Defendant never accepted the court's invitation to renew his application at a later juncture. Therefore, defendant did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (*Johnson v California*, 545 US 162, 170 [2005]).

Defendant opened the door to the court's modification of its *Sandoval* ruling by his testimony that he pleaded guilty on previous occasions because he was, in fact, guilty (*see People v Cooper*, 92 NY2d 968 [1998]; *People v Ferguson*, 190 AD2d 610 [1993], *lv denied* 81 NY2d 970 [1993]), and the matters elicited by the prosecutor were relevant to such motivation (*see People v Baez*, 1 AD3d 203 [2003], *lv denied* 1 NY3d 624 [2004]). Even if we were to find any error in the modified ruling or the scope of cross-examination, we would find it harmless in view of the strong evidence of guilt which included the victim's testimony and the pawn shop and cell phone records indicating that defendant was in possession of the items stolen from the victim.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ.