■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE ROSADO, Appellant. [846 NYS2d 165]—

Appeal from judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered August 30, 2005, convicting defendant, after a jury trial, of rape in the second degree (four counts), rape in the third degree (four counts), and endangering the welfare of a child (two counts), and sentencing him, as a second felony offender, to an aggregate term of 4⅓ to 11 years, held in abeyance, and the matter remanded for further proceedings pursuant to *Batson v Kentucky* (476 US 79 [1986]).

Defendant satisfied step one of *Batson* (a prima facie case of discrimination) by showing that the prosecutor had exercised a peremptory challenge against every Hispanic panelist in the venire that remained available following the excusal of other venirepersons for cause or by consent (*see e.g. Johnson v California*, 545 US 162, 173 [2005]; *People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]; *People v Claudio*, 10 AD3d 531, 533 [2004], *lv denied* 4 NY3d 829 [2005]). Moreover, the prosecutor exercised a total of eight peremptory challenges, using half of them to eliminate the four Hispanic panelists, whereas the percentage of Hispanics in the voir dire was slightly over 10%. In these circumstances, defendant's numerical argument was sufficient to raise an inference of discrimination even though it was not accompanied by any other evidence.

Accordingly, we remand for completion of the *Batson* proceedings so that the People can offer ethnicity-neutral reasons for these challenges. Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.