■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAFATE HARRIS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD SMITH, Appellant. [867 NYS2d 394]—

Judgments, Supreme Court, New York County (Richard D. Carruthers, J.), rendered February 16, 2007, convicting defendants, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing

each of them, as a second felony drug offender, to an aggregate term of six years, unanimously affirmed.

The court properly denied defendants' applications made pursuant to *Batson v Kentucky* (476 US 79 [1986]). Regardless of whether hybrid groups are cognizable under *Batson*, defendants did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (*Johnson v California*, 545 US 162, 170 [2005]), and thus failed to make a prima facie showing that the prosecutor discriminated against white women in his exercise of peremptory challenges. The *Batson* claim only applied to the first of three rounds of jury selection, and the numbers of white women challenged by the prosecutor were too small to be significant (*see People v Johnson*, 37 AD3d 344 [2007], *lv denied* 8 NY3d 986 [2007]; *compare People v Rosado*, 45 AD3d 508 [2007]). Furthermore, there were no other facts or circumstances suggesting intentional discrimination.

The court properly denied defendants' mistrial motions, made on the ground that the prosecutor's summation contained allegedly improper references to drug dealers or the business of selling drugs. These remarks drew fair inferences from the evidence, as well as being responsive to defense efforts to show that defendants' behavior during this incident was not typical of drug dealers (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Defendants' other summation claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see id.*; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The evidence established that a 20-dollar bill, which was part of the prerecorded buy money, was recovered from defendant Smith rather than from defendant Harris or anyone else, and there is no merit to Smith's claim to the contrary. Even though the officer who arrested Smith testified he recovered $20 from Smith's pocket, without specifying that it was a 20-dollar bill, the testimony of the officer who arrested Harris made it clear that this bill could only have come from Smith. Smith's claim that his conviction was against the weight of the evidence is likewise without merit (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

We perceive no basis for reducing the sentences. Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ.