■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HOLLIS, Appellant. [879 NYS2d 458]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered August 5, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97

NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court properly permitted the People to elicit three theft-related convictions. Each of these convictions was probative of defendant's credibility, and none was similar to the charge for which defendant was being tried.

Since defendant did not produce evidence sufficient to permit the court to draw an inference of discrimination (*see Johnson v California*, 545 US 162, 170 [2005]), the court properly denied his application pursuant to *Batson v Kentucky* (476 US 79 [1986]). In the second of three rounds of jury selection, the prosecutor used two peremptory challenges. Those challenges removed the only two African-American panelists available at that particular point in jury selection. While a prima facie showing of discrimination "may be made based on the peremptory challenge of a single juror that gives rise to an inference of discrimination" (*People v Smocum*, 99 NY2d 418, 422 [2003]), and while the use of peremptories to exclude all or nearly all the members of a cognizable group normally raises such an inference (*see e.g. People v Hawthorne*, 80 NY2d 873 [1992]), the circumstances of the second round do not suggest discrimination, as opposed to happenstance (*see People v McCloud*, 50 AD3d 379 [2008], *lv denied* 11 NY3d 738 [2008]). Furthermore, when jury selection is viewed as a whole, the record is silent as to the overall racial composition of the venire, what share of its overall allotment of 15 peremptory challenges the prosecutor used against African-American panelists, and what portion of such panelists in the overall venire was challenged by the prosecutor. Moreover, defendant declined the court's offer of an opportunity to renew the application at a later juncture (*see People v Johnson*, 37 AD3d 344 [2007], *lv denied* 8 NY3d 986 [2007]).

Defendant's argument concerning the court's charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Mazzarelli, J.P., Andrias, Friedman, Renwick and Freedman, JJ.