■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CARROLL, Appellant. [759 NYS2d 443] —Judgment, Supreme Court, New York County (Bernard Fried, J., at suppression hearing; William Wetzel, J., at jury trial and sentence), rendered December 14, 2000, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. His sole argument at the suppression hearing was that the lineup was unduly suggestive because his skin

tone was allegedly markedly darker than that of the other four African-American lineup participants. A lineup photograph was introduced at the hearing but has since been lost. However, the hearing court found the lineup to be fair in this regard and described the pertinent aspect of the now-missing photograph by stating that another lineup participant had approximately the same skin tone as defendant. In any event, defendant was not entitled to be surrounded by persons of highly similar appearance, so long as he was not highlighted (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Holmes*, 291 AD2d 247 [2002], *lv denied* 98 NY2d 676 [2002]). There is no evidence that the victim ever mentioned anything about either of the perpetrators' skin tones to the police. Accordingly, defendant would not be entitled to suppression based on a difference between his skin tone and those of the other participants (*People v Gonzalez*, 173 AD2d 48, 56 [1991], *lv denied* 79 NY2d 1001 [1992]; *see also People v Jackson*, 98 NY2d 555, 559 [2002]). Similarly, the loss of the lineup photograph did not deprive defendant of his right to appeal or preclude meaningful appellate review (*see People v Jackson*, 98 NY2d at 560). Even if we were to assume, arguendo, that the missing photograph would have cast doubt on the hearing court's description of the skin tones of the lineup participants, we would, for the reasons previously stated, find no basis for suppression.

The totality of the record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]). Defendant was not deprived of effective assistance when counsel made no application for reopening of the *Wade* hearing based on the victim's trial testimony that, at the lineup, defendant wore a jacket that was "consistent" with a particular type of jacket worn by one of the perpetrators. Since there was no evidence that the victim gave the police any description of either perpetrator's clothing, there is no reason to believe that an application to reopen the *Wade* hearing would have ultimately led to suppression of identification testimony.

The hearing court properly exercised its discretion in imposing reasonable limits on cross-examination (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). The court accorded defendant ample latitude in which to pursue all relevant lines of inquiry, and the precluded matters were irrelevant or collateral to the pertinent issues (*see People v Perciballi*, 291 AD2d 360 [2002]).

The trial court properly received evidence of gestures by two

unidentified persons involved in the events leading to defendant's capture. While defendant challenged certain other testimony relating to these persons, he never objected to the gestures on any ground. Accordingly, his present claim that these gestures were inadmissible hearsay is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the gestures were properly admitted to explain the actions undertaken by hotel employees to pursue defendant and his companion (*see People v Tosca*, 98 NY2d 660 [2002]). In any event, were we to find any error, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt. Defendant was captured in immediate flight from the crime scene, and, in addition to the victim's identification, there was a strong chain of circumstantial evidence linking him to the crime. As defendant concedes, his Confrontation Clause argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see United States v Reyes*, 18 F3d 65, 70-71 [1994]). Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.