■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MARINO, Appellant. [775 NYS2d 20]—

Judgment, Supreme Court, Bronx County (John Moore, J.), rendered April 19, 2002, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 3¹/₃ to 10 years, unanimously affirmed.

The court properly denied defendant's motion alleging a violation of his constitutional right to a speedy trial (see People v Taranovich, 37 NY2d 442, 445 [1975]). Although there was an extended period of delay, much of this delay resulted from court congestion, or was at defendant's request or with his consent (see People v Congregational Khal Chaisidei Skwere, 232 AD2d 919 [1996], lv denied 89 NY2d 984 [1997]). While defendant claims prejudice on the basis of his loss of certain witnesses, there is nothing to indicate that the testimony of any of these

witnesses would have affected the verdict. In particular, defendant's failure to submit an alibi notice under CPL 250.20 at a time that one of the witnesses was available undermines his claim that he had expected this witness to provide alibi testimony. Moreover, the seriousness and complexity of the case and the short period of pretrial incarceration weigh in favor of the prosecution.

The statements and conduct of defendant's family members were properly admitted into evidence, since they were circumstantially linked to defendant and were probative of his consciousness of guilt (*see People v Cotto*, 222 AD2d 345 [1995], *lv denied* 88 NY2d 846 [1996]; *People v Pitts*, 218 AD2d 715 [1995], *lv denied* 87 NY2d 850 [1995]). The jury is presumed to have followed the court's thorough instructions on how to evaluate this evidence (*see People v Young*, 266 AD2d 93 [1999], *lv denied* 94 NY2d 927 [2000]).

There was nothing in the witness-tampering evidence, or in an eyewitness's explanation of how she learned defendant's name, that would lead a jury to believe that one or more nontestifying persons implicated defendant. In any event, this testimony was properly admitted for nonhearsay purposes (*see United States v Reyes*, 18 F3d 65, 70-71 [1994]). Furthermore, were we to find any error in this regard, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt.

The court properly exercised its discretion in denying defendant's mistrial motion made on the basis of allegedly improper questioning by the prosecutor, since the court's curative actions prevented any possible prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). Concur—Nardelli, J.P., Sullivan, Williams, Friedman and Marlow, JJ.