*19 OPINION OF THE COURT
Per Curiam.
Order, entered on or about December 2, 2005, reversed, on the law and the facts, motion denied, accusatory instrument reinstated, and matter remitted for further proceedings.
The sole charge now remaining for prosecution on the within accusatory instrument is driving while impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction which, as defendant now concedes, triggers no statutory speedy trial rights under CPL 30.30 (see People v Gonzalez, 168 Misc 2d 136, 137 [1996], lv denied 88 NY2d 936 [1996]). Nor did the allegations set forth in defendant’s supplemental motion papers establish a violation of his constitutional right to a speedy trial (see People v Taranovich, 37 NY2d 442 [1975]). Although the 18-month delay involved was not insubstantial, the record indicates that much of the delay was justified, caused in large part by defendant’s motion practice or court congestion, and that relatively little delay was attributable to the People (see People v Marino, 6 AD3d 214 [2004], lv denied 3 NY3d 643 [2004]; People v Newton, 221 AD2d 167 [1995], lv denied 87 NY2d 923 [1996]; cf. People v Staley, 41 NY2d 789, 790 [1977] [involving “wholly unexplained 31-month delay”]). Moreover, defendant was not incarcerated and made no showing that his ability to defend was prejudiced by the delay (see People v Williams, 284 AD2d 221 [2001], lv denied 96 NY2d 926 [2001]).
In evaluating a defendant’s constitutional speedy trial claim, a court “must engage in a sensitive weighing process of the diversified factors present in the particular case” (People v Taranovich, 37 NY2d at 445), with “no one factor or combination of . . . factors . . . necessarily decisive or determinative of the speedy trial claim” (id.). To the extent that trial level decisions in such cases as People v Fisher (167 Misc 2d 850 [1995]) and People v Mahmood (10 Misc 3d 198 [2005]) appear to apply a narrower standard of constitutional speedy trial review to traffic violation prosecutions of the type here involved, they are inconsistent with the Court of Appeals’ teaching in Taranovich and are otherwise unpersuasive.
McCooe, J.E, Schoenfeld and Klein Heitlee, JJ., concur.