■ The People of the State of New York, Respondent, v Koren Stanley, Appellant. [891 NYS2d 25]—

The court properly denied defendant's motion to suppress identification testimony. After identifying defendant at an otherwise fair lineup, a witness told a detective that defendant

was wearing clothing taken during the crime. The witness had never given a description of the assailant that included clothing, or described the clothing that had been taken, and when the police arrested defendant more than a week after the crime they were unaware that the clothes he was wearing had any significance. Accordingly, we conclude that the lineup was not unduly suggestive (*see People v Carroll*, 303 AD2d 200 [2003], *lv denied* 100 NY2d 560 [2003]). Moreover, the witness knew defendant by his nickname, and had identified him from a proper photo array two days before the lineup. To the extent that an identification procedure may be unconstitutionally suggestive even when the suggestiveness is the product of pure happenstance (*see Raheem v Kelly*, 257 F3d 122, 137 [2d Cir 2001], *cert denied* 534 US 1118 [2002]), we find that this identification was sufficiently reliable. In any event, we conclude that any error in the admission of this witness's lineup or in-court identifications was harmless in view of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Andrias, Nardelli and Richter, JJ.