[15 NE3d 1178, 992 NYS2d 169]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRI-
CIA FRATANGELO, Appellant.

Argued May 6, 2014; decided June 5, 2014

## POINTS OF COUNSEL

*James A. Baker*, Ithaca, for appellant. The court erred by refusing to instruct the jury that evidence that the defendant's blood alcohol content was less than .08% was prima facie evidence that the defendant was not intoxicated. (*People v Watts*, 57 NY2d 299; *People v Zona*, 14 NY3d 488; *People v Mertz*, 68 NY2d 136; *People v Blair*, 98 NY2d 722.)

*Barry L. Prosch, District Attorney*, Waterloo, for respondent. The court's jury instruction on the common-law driving while intoxicated count was proper. (*Heard v Cuomo*, 80 NY2d 684; *People v Finnegan*, 85 NY2d 53; *People v Mertz*, 68 NY2d 136.)

SMITH, J.

We hold that, in a prosecution for drunken driving, the opinion of a defense expert that the defendant's blood alcohol content (BAC) was below the statutory threshold is not "prima facie evidence" that the defendant was not intoxicated. A defendant is nevertheless entitled, upon request, to an instruction that if the jury finds that the BAC was as the expert testified, it may find that the defendant was not intoxicated. Defendant here requested only the "prima facie evidence" instruction to which she was not entitled, and we therefore affirm her conviction.

I

Defendant was stopped for speeding. She was given a breath test approximately an hour and 20 minutes after she was stopped, and was found to have a BAC of .09%. She was prosecuted for driving while intoxicated (DWI) under two different theories—so-called "per se" and "common law" DWI. Both names can be confusing. The "per se" crime is defined by Vehicle and Traffic Law § 1192 (2) as driving while the driver "has .08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis." Despite the per se label, a valid blood test showing a result of .08% or more does not require conviction under this section; a defendant may try to show that her BAC was lower when she was driving than at the time she took the test (*People v Mertz*, 68 NY2d 136 [1986]).

The "common law" crime is actually statutory, as all crimes are today, but the statute creating it, Vehicle and Traffic Law § 1192 (3), says only that "[n]o person shall operate a motor vehicle while in an intoxicated condition," and case law has provided the definition of "intoxicated." A person is intoxicated within the meaning of section 1192 (3) when

> "he is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (*People v Cruz*, 48 NY2d 419, 428 [1979]).

At defendant's trial in Town Court, the People presented evidence of her breathalyzer test and also the testimony of the arresting officer that when she was stopped defendant smelled of alcohol, had glassy eyes, and failed four field sobriety tests (involving such things as standing on one leg and following a

moving object with one's eyes). Defendant called several witnesses, including herself and an expert pharmacologist. The expert testified that in his opinion, based on defendant's testimony as to when she last consumed alcohol and the rate at which alcohol is absorbed into the bloodstream, her BAC at the time she was stopped was between .03% and .04%.

Defendant asked the court to charge the jury in the following language, taken from the pattern jury instruction used in common law DWI cases:

> "Under our law, evidence that there was less than .08 of one per centum by weight of alcohol in the defendant's blood is prima facie evidence that the defendant was not in an intoxicated condition" (*see* CJI2d[NY] Vehicle and Traffic Law § 1192 [3] [driving while intoxicated]).

The court refused to give the instruction.

The jury acquitted defendant of per se DWI, but convicted her of the common law crime. County Court affirmed, concluding that "any instructions regarding prima facie evidence that can be presented as a result of v & T Section 1195, must be based upon chemical analysis, and not the opinion testimony of a defense expert" (footnote omitted). A Judge of this Court granted leave to appeal (21 NY3d 1004 [2013]), and we now affirm.

## II

The decisive issue in this case is whether the defense expert's testimony was "[e]vidence" entitled to the "[p]robative value" specified by Vehicle and Traffic Law § 1195 (2). This question can best be answered by reading the first two subdivisions of section 1195:

> "1. Admissibility. Upon the trial of any action or proceeding arising out of actions alleged to have been committed by any person arrested for a violation of any subdivision of section eleven hundred ninety-two of this article, the court shall admit evidence of the amount of alcohol or drugs in the defendant's blood *as shown by a test administered pursuant to the provisions of section eleven hundred ninety-four of this article.*

> "2. Probative value. The following effect shall be given to evidence of blood-alcohol content, *as determined by such tests*, of a person arrested for

violation of section eleven hundred ninety-two of this article:

"(a) Evidence that there was .05 of one per centum or less by weight of alcohol in such person's blood shall be prima facie evidence that the ability of such person to operate a motor vehicle was not impaired by the consumption of alcohol, and that such person was not in an intoxicated condition;

"(b) Evidence that there was more than .05 of one per centum but less than .07 of one per centum by weight of alcohol in such person's blood shall be prima facie evidence that such person was not in an intoxicated condition, but such evidence shall be relevant evidence, but shall not be given prima facie effect, in determining whether the ability of such person to operate a motor vehicle was impaired by the consumption of alcohol; and

"(c) Evidence that there was .07 of one per centum or more but less than .08 of one per centum by weight of alcohol in such person's blood shall be prima facie evidence that such person was not in an intoxicated condition, but such evidence shall be given prima facie effect in determining whether the ability of such person to operate a motor vehicle was impaired by the consumption of alcohol" (emphasis added).

A "test administered pursuant to" Vehicle and Traffic Law § 1194 is "a chemical test of . . . breath, blood, urine, or saliva" (Vehicle and Traffic Law § 1194 [2] [a]). Section 1195 (2) is expressly limited to evidence of BAC "as determined by such tests." Since the evidence of her BAC that defendant presented here was not determined by a chemical test but was contained in the opinion of a defense expert, that evidence did not have the "prima facie" effect specified by the statute and defendant was not entitled to the charge she sought.

What has been said is enough to dispose of the case. It should not be thought, however, that the BAC thresholds specified in Vehicle and Traffic Law § 1195 (2) must be entirely omitted from a jury charge in a common law DWI case or in a driving while ability impaired (DWAI) case brought under Vehicle and Traffic Law § 1192 (1) ("No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol"). It is obvious from

Vehicle and Traffic Law §§ 1192 (2) and 1195 (2) that the legislature has made judgments about the significance of certain statistical thresholds—i.e., that a BAC of .08% or more justifies an inference of intoxication; that a BAC below .08% justifies an inference of non-intoxication; that a BAC of .07% or more justifies an inference of impairment; and that a BAC equal to or less than .05% justifies an inference that the driver was neither intoxicated nor impaired in her ability to drive. There is no reason why juries should remain unaware of these legislative judgments.

Thus, in this case Town Court should, if it had been requested to do so, have charged the jury in words or substance: If you find that there was less than .08 of one percent by weight of alcohol in defendant's blood while she was operating the motor vehicle, you may, but are not required to, find that she was not in an intoxicated condition. Similarly, in a DWAI case where the defendant proffers evidence other than chemical tests of a BAC at or below .05%, it would be proper to charge: If you find that there was .05 of one percent or less by weight of alcohol in the defendant's blood while she was operating a motor vehicle, you may, but are not required to, find that her ability to operate the motor vehicle was not impaired by the consumption of alcohol. And the People are entitled to a corresponding charge when they rely on evidence other than chemical tests to show that a defendant's BAC was at or above .08% in a DWI case, or .07% in a DWAI case.

The difference between our "if you find" formulation and the "prima facie evidence" charge that defendant here requested is substantive, not just verbal. The "prima facie" charge instructs the jury on the weight to be given certain evidence—an instruction that is appropriate only when the evidence consists of chemical tests. The "if you find" charge allows the jury to evaluate the evidence for itself—i.e., lets it choose to believe the expert or not—but instructs it as to the inferences it may draw after it has made that evaluation.

Accordingly, the order of County Court should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed.