The People of the State of New York, Respondent, 
against
Wayne Wright, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered May 4, 2011, after a jury trial, convicting him of driving while intoxicated per se and driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered May 4, 2011, affirmed.
Defendant's present challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review, inasmuch as he failed to move for a trial order of dismissal based on the alleged insufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict convicting defendant of driving while impaired (see Vehicle and Traffic Law § 1192[1]) and driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]) was based on legally sufficient evidence, and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The jury was entitled to credit the unrebutted police testimony showing that the Intoxilyzer 5000 was in proper working condition, that the test itself was properly administered (see People v Fratangelo, 23 NY3d 506 [2014]), and that it measured defendant's blood alcohol content at .15 percent, which is prima facie evidence of defendant's violation of Vehicle and Traffic Law § 1192(2) (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]).
Defendant's conviction of driving while impaired was sufficiently supported by his own admission that he had consumed two drinks, the credited police testimony that, after being stopped for a traffic infraction, defendant exhibited signs of intoxication — his eyes were bloodshot and watery, there was an odor of alcohol on his breath and that he failed to put the car in park when he reached for his registration, causing the car to "lurch" forward (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]).
Defendant's argument that the jury, by acquitting him of driving while intoxicated (see Vehicle and Traffic Law § 1192[3]), necessarily rejected the testimony of the arresting officers, "calls for an impermissible invasion of the jury's deliberative processes" (People v Williams, 239 AD2d 271, 272 [1997], lv denied 90 NY2d 899 [1997], quoting People v Rivera, 201 AD2d 377 [*2][1994], lv denied 83 NY2d 875 [1994]; see People v Rayam, 94 NY2d 557, 562-563 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: December 23, 2016