The People of the State of New York, Respondent,
against
Derrick Mitchell, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Matthew A. Sciarrino, J.), rendered January 30, 2012, after a jury trial, convicting him of driving while intoxicated per se and driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Matthew A. Sciarrino, J.), rendered January 30, 2012, affirmed.
The verdict convicting defendant of driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]) and driving while impaired (see Vehicle and Traffic Law § 1192[1]) was based on legally sufficient evidence, and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The credited police testimony established that, after defendant was stopped for operating his vehicle in an erratic manner at an excessive speed, he admitted that he had consumed two drinks, and exhibited classic signs of intoxication — his eyes were bloodshot and watery, there was a "strong" odor of alcohol on his breath and he was "wobbly" and "unsteady" when exiting his vehicle (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]). Furthermore, the Intoxilyzer 5000 breath test measured defendant's blood alcohol content at .10 percent, which is prima facie evidence of defendant's violation of Vehicle and Traffic Law § 1192(2) (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]). The jury was also entitled to credit the unrebutted police testimony showing that the Intoxilyzer 5000 was in proper working condition and that the test itself was properly administered (see People v Fratangelo, 23 NY3d 506 [2014]).
The court properly exercised its discretion in precluding introduction of a police report and a memo book as proof of prior inconsistent statements, as the witness fully admitted having made the statements (see People v Piazza, 48 NY2d 151, 164-165 [1979]). Moreover, defendant suffered no prejudice by the exclusion of these documents since the contents thereof, including the alleged inconsistencies by omission, were presented to the jury by defense counsel through the extensive questioning of the witness (see People v Rosario, 267 AD2d 73, 73 [1999], lv [*2]denied 94 NY2d 952 [2000]). In any event, even assuming that the court's ruling was erroneous, we would find that the error was harmless in light of the overwhelming evidence of defendant's guilt.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 23, 2017