The People of the State of New York, Respondent, 
against
Abisain Colon, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Evelyn Laporte, J.), rendered August 8, 2013, after a jury trial, convicting him of aggravated driving while intoxicated per se, driving while intoxicated per se, driving while intoxicated, and driving while ability impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Evelyn Laporte, J.), rendered August 8, 2013, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There was ample evidence of defendant's guilt, including the arresting officer's observation of defendant's erratic driving, as well as the officer's observation of defendant's appearance and comportment at the scene, wherein defendant exhibited classic signs of intoxication, such as having bloodshot and watery eyes, slurred speech, a "strong" odor of alcohol on his breath and clothing, and unsteadiness as he exited his vehicle; defendant's unsatisfactory performance of physical coordination tests; and the results of the Intoxilyzer 5000EN breath test device administered at the precinct, which measured defendant's blood alcohol content at .24, which is prima facie evidence of defendant's violation of Vehicle and Traffic Law § 1192(2) (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]). The jury was also entitled to credit the unrebutted police testimony showing that the Intoxilyzer was in proper working condition when the test was performed (see People v Boscic, 15 NY3d 494, 498 [2010]) and that the test itself was properly administered (see People v Fratangelo, 23 NY3d 506 [2014]).
We agree with the Criminal Court's determination to deny the defendant's Batson challenge (see Batson v Kentucky, 476 US 79 [1986]), as the defendant failed to make a prima facie showing of purposeful discrimination in the People's exercise of peremptory challenges. Defendant's argument before the trial court was limited to a numerical argument, i.e., the number of African American female panelists stricken by the prosecutor. However, in the absence of an adequate record of the racial or gender composition of the remaining venire or other facts or circumstances giving rise to an inference of discrimination, defendant's numerical argument, standing alone, was insufficient to make a prima facie showing of discrimination (see People v Guardino, 62AD3d 544 [2009], affd sub nom. People v Hecker, 15 NY3d 625, 652-655 [2010], cert denied 563 US 947 [2011]; People v Steele, 171 AD2d 599 [1991], affd sub nom. People v [*2]Bolling, 79 NY2d 317 [1992]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: December 31, 2018