The People of the State of New York, Respondent, 
against
Chaun Valentine, Defendant-Appellant.



In consolidated criminal actions, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Alexander M. Tisch, on speedy trial motions; Anthony J. Ferrara, J., at plea, trial and sentencing), each rendered March 28, 2014, after a nonjury trial and upon his plea of guilty, respectively, convicting him of two counts of driving while impaired, and imposing sentence.




Per Curiam.
Judgments of conviction (Alexander M. Tisch, on speedy trial motions; Anthony J. Ferrara, J., at plea, trial and sentencing), each rendered March 28, 2014, affirmed. 
After balancing the relevant factors (see People v Taranovich, 37 NY2d 442 [1975]), we conclude that the court properly denied defendant's constitutional speedy trial motions. Although there was a substantial delay in both cases, those delays were satisfactorily explained, having been caused in large part by defendant's extensive motion practice and adjournment requests (see People v Mack, 126 AD3d 657 [2015], lv denied 25 NY3d 1167 [2015]; People v Marino, 6 AD3d 214 [2004], lv denied 3 NY3d 643 [2004]). With respect to the remaining Taranovich factors, we note that the charges were serious, defendant was not incarcerated and he made no showing that his ability to defend was prejudiced by the delay in prosecution (see People v Arroyo, 93 AD3d 608, 609 [2012], lv denied 19 NY3d 957 [2012]). This is not a case where the delays, and in particular the portions attributable to the People, were so egregious as to warrant dismissal regardless of prejudice (see People v Wiggins, 31 NY3d 1, 13-16 [2018]; People v Desselle, 167 AD3d 418, 418-419 [2018], lv denied 32 NY3d 1203 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 31, 2019