People v Saddler (2021 NY Slip Op 07385)





People v Saddler


2021 NY Slip Op 07385


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


907 KA 19-00163

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARIO SADDLER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 20, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). For reasons stated in its decision, we conclude that Supreme Court (Wolfgang, J.) properly refused to suppress the subject gun (see also People v McGee, — AD3d &mdash, — [Dec. 23, 2021] [4th Dept 2021]; People v Moore, 191 AD3d 1415, 1416-1417 [4th Dept 2021], lv denied 36 NY3d 1122 [2021]). Contrary to defendant's further contention, the court did not improperly curtail his cross-examination of the witnesses at the suppression hearing (see People v Carroll, 303 AD2d 200, 201 [1st Dept 2003], lv denied 100 NY2d 560 [2003]; People v Presha, 190 AD2d 1005, 1005 [4th Dept 1993], lv denied 81 NY2d 891 [1993]), particularly because the precluded questions involved collateral issues with no direct bearing on the suppression analysis (see People v Arnau, 58 NY2d 27, 37 [1982], cert denied 468 US 1217 [1984]; People v Patino, 97 AD2d 552, 553 [2d Dept 1983] [Gibbons, J., concurring]). Defendant's allegations of ineffective assistance of counsel are forfeited by his guilty plea (see People v Petgen, 55 NY2d 529, 534-535 [1982], rearg denied 57 NY2d 674 [1982]). Finally, contrary to his assertion on appeal, defendant never sought to withdraw his guilty plea during the 2018 sentencing proceeding, and Supreme Court (Burns, J.) thus could not have erred in failing to hold a hearing on a motion
that defendant never made.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court