People v Villanueva (2024 NY Slip Op 51703(U))

[*1]

People v Villanueva (Daniel)

2024 NY Slip Op 51703(U)

Decided on December 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570150/20

 The People of the State of New York, Respondent,
against
Daniel Villanueva, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Frances Y. Wang, J.), rendered November 19, 2019, convicting him, upon his plea of guilty, of reckless driving, and sentencing him, inter alia, to a $300 fine and a $88 mandatory surcharge.

Per Curiam.
Judgment of conviction (Frances Y. Wang, J.), rendered November 19, 2019, affirmed.
Defendant's constitutional speedy trial claim is unpreserved to the extent it relies upon the 145 day period between the denial of his CPL 30.20 motion and his guilty plea, inasmuch this delay was not the subject of any further motion (see People v Swails, 172 AD3d 579 [2019], lv denied 33 NY3d 1109 [2019]). We decline to review the claim in the interest of justice. As an alternative holding, we reject it on the merits (see People v Taranovich, 37 NY2d 442, 445 [1975]). Although there was substantial delay, it was satisfactorily explained, caused in large part by court congestion and defendant's motion practice or unavailability (see People v Mack, 126 AD3d 657 [2015], lv denied 25 NY3d 1167 [2015]; People v Marino, 6 AD3d 214 [2004], lv denied 3 NY3d 643 [2004]). Of the limited delay attributable to the People, none of it "appear[s] to have been a deliberate attempt by the prosecution to hamper the [defendant] in the preparation of his defense" (People v Taranovich, 37 NY2d at 446; see People v Polite, 16 Misc 3d 18, 2007 NY Slip Op 27186 [App Term, 1st Dept 2007], lv denied 9 NY3d 849 [2007]). Furthermore, the crimes were serious, defendant has not established that he was prejudiced by any delay (see People v Arroyo, 93 AD3d 608, 609 [2012], lv denied 19 NY3d 957 [2012]) and defendant was not incarcerated (see People v Wiggins, 31 NY3d 1, 9-10 [2018]).
With respect to defendant's statutory speedy trial claim, the recent amendments to CPL 30.30(1)(e), which extended statutory speedy trial limitations to traffic infractions charged in the same accusatory instrument with certain other offenses, are not retroactive, and do not apply to criminal actions commenced prior to the January 1, 2020 effective date of the new legislation (see People v Flores, 81 Misc 3d 137[A], 2023 NY Slip Op 51414[U] [App Term, 1st Dept 2023], lv denied 41 NY3d 1018 [2024]). We decline defendant's invitation to vacate his conviction in the interest of justice.
Defendant is not entitled to waiver of the fines and surcharges in the interest of justice pursuant to the Driver's License Suspension Reform Act (DLSRA). The DLSRA does not apply [*2]retroactively to defendant who was convicted before the statute's enactment (see People v Castro, 223 AD3d 20 [2023], lv denied 41 NY3d 964 [2024]; People v Urena, 80 Misc 3d 129[A], 2023 NY Slip Op 50981[U][App Term, 1st Dept 2023], lv denied 40 NY3d 1041 [2023]). 
In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 17, 2024