People v Allen (2025 NY Slip Op 50585(U))

[*1]

People v Allen (Sabrina)

2025 NY Slip Op 50585(U)

Decided on April 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570831/18

The People of the State of New York, Respondent,
against
Sabrina Allen, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J., at speedy trial motion; Marsha D. Michael, J., at suppression motion; Laurence E. Busching, J., at trial and sentencing), rendered August 22, 2018, convicting her, after a jury trial, of aggravated driving while intoxicated and driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Harold Adler, J., at speedy trial motion; Marsha D. Michael, J., at suppression motion; Laurence E. Busching, J., at trial and sentencing), rendered August 22, 2018, affirmed.
Defendant's constitutional speedy trial motion was properly denied (see People v Taranovich, 37 NY2d 442, 445 [1975]). Although the 39-month delay was substantial, it was satisfactorily explained, caused in large part by court congestion and defendant's motion practice or unavailability (see People v Mack, 126 AD3d 657 [2015], lv denied 25 NY3d 1167 [2015]; People v Marino, 6 AD3d 214 [2004], lv denied 3 NY3d 643 [2004]). Of the limited delay attributable to the People, none of it "appear[s] to have been a deliberate attempt by the prosecution to hamper the [defendant] in the preparation of his defense" (People v Taranovich, 37 NY2d at 446; see People v Polite, 16 Misc 3d 18 [App Term, 1st Dept 2007], lv denied 9 NY3d 849 [2007]). Furthermore, the crimes were serious, defendant has not established that he was prejudiced by any delay (see People v Arroyo, 93 AD3d 608, 609 [2012], lv denied 19 NY3d 957 [2012]) and defendant was not incarcerated (cf. People v Wiggins, 31 NY3d 1, 9-10 [2018]).
The verdict convicting defendant of aggravated driving while intoxicated (see Vehicle and Traffic Law § 1192 [2-a]) and driving while intoxicated (see Vehicle and Traffic Law § 1192 [3]), was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's vehicle crashed head-on into a stationary vehicle; she admitted that she had been drinking, smelled of alcohol, had bloodshot and watery eyes, and was unsteady on her feet; and the Intoxilyzer 5000 breath testing device measured her blood alcohol content at .19, more than twice the legal limit (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]).
The jury was also entitled to credit the unrebutted police testimony showing that the [*2]Intoxilyzer was in proper working condition when the test was performed (see People v Boscic, 15 NY3d 494, 498 [2010]) and that the test itself was properly administered (see People v Fratangelo, 23 NY3d 506, 510 [2014]). Contrary to defendant's claims, the evidence showed that she was observed for the required 20 minutes before the test was administered and did not engage in any activity that could have altered the result of the test; and that the officer performing the test, ran two air blanks through the machine before testing defendant.
The trial court properly exercised its discretion in limiting the questioning of prospective jurors after providing each party with a fair, if not generous, amount of time to question the venirepersons regarding relevant matters (see People v Rodriguez, 184 AD2d 317, 318-319 [1992], lv denied 80 NY2d 909 [1992]). Nor do we find any abuse of discretion in the denial of the defendant's request to ask further questions, once her time expired, on the issue of whether the prospective jurors would draw an adverse inference if defendant did not testify at trial. The court provided detailed instructions on the jurors' obligation to draw no inference from the absence of testimony by defendant and obtained assurances that the jurors would follow the law as it was charged (see People v Dinkins, 278 AD2d 43 [2000], lv denied 96 NY2d 828 [2001]; People v Wongshing, 245 AD2d 186 [1996], lv denied 91 NY2d 978 [1998]).
Given the limited scope of a suppression hearing, the court's restrictions on cross-examination were proper exercises of discretion (see People v DeJohn, 239 AD2d 184, 185 [1997], lv denied 90 NY2d 904 [1997]). The court "accorded defendant ample latitude in which to pursue all relevant lines of inquiry, and the precluded matters were irrelevant or collateral to the pertinent issues" (People v Carroll, 303 AD2d 200, 201 [2003], lv denied 100 NY3d 560 [2003]; see People v Perciballi, 291 AD2d 360 [2002], lv denied 98 NY2d 654 [2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 23, 2025