People v Joseph (2026 NY Slip Op 50140(U))

[*1]

People v Joseph (Isaac)

2026 NY Slip Op 50140(U)

Decided on February 11, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 11, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570573/17

The People of the State of New York, Respondent,
againstIsaac Joseph, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne B. Watters, J., at speedy trial motion; Ann E. Scherzer, J., at trial and sentencing; Janet McDonnell, J., on remand of constitutional speedy trial motion), rendered July 20, 2017, convicting him, after a jury trial, of driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Joanne B. Watters, J., at speedy trial motion; Ann E. Scherzer, J., at trial and sentencing; Janet McDonnell, J., on remand of constitutional speedy trial motion), rendered July 20, 2017, affirmed.
Upon considering the Taranovich factors, we conclude that defendant was not denied his constitutional right to a speedy trial (see People v Taranovich, 37 NY2d 442, 445 [1975]). Although there was substantial delay, it was satisfactorily explained, caused in large part by court congestion and defendant's motion practice or unavailability (see People v Mack, 126 AD3d 657 [2015], lv denied 25 NY3d 1167 [2015]; People v Marino, 6 AD3d 214, 214 [2004], lv denied 3 NY3d 643 [2004]). Of the delay attributable to the People, none of it "appear[s] to have been a deliberate attempt by the prosecution to hamper the [defendant] in the preparation of his defense" (People v Taranovich, 37 NY2d at 446; see People v Polite, 16 Misc 3d 18, 2007 NY Slip Op 27186 [App Term, 1st Dept 2007], lv denied 9 NY3d 849 [2007]). Furthermore, the crimes were serious, defendant has not established that he was prejudiced by any delay (see People v Arroyo, 93 AD3d 608, 609 [2012], lv denied 19 NY3d 957 [2012]) and defendant was not incarcerated (see People v Wiggins, 31 NY3d 1, 9-10 [2018]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established beyond a reasonable doubt that defendant's ability to drive was impaired by the consumption of alcohol (see Vehicle and Traffic Law § 1192 [1]). The credited police testimony established that defendant drove his vehicle, his eyes were watery and bloodshot, his breath had an odor of alcohol, his speech was slurred, he was unsteady on his feet, and he admitted that he had consumed alcohol. A videotape showed defendant's unsatisfactory performance of physical coordination tests, and his blood alcohol content, as measured by the Intoxilyzer 5000 EN, was an "insufficient sample" reading of .15 (see People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 446 US 901 [1980]; [*2]People v DeMarasse, 85 NY2d 842, 845 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 11, 2026